UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| AMANDA PIPES and NATHAN PIPES, as Next Friends for C.P., <br><br>Plaintiffs,<br><br>v.<br><br>KIRKSVILLE MISSOURI HOSPITAL COMPANY, LLC, d/b/a NORTHEAST REGIONAL MEDICAL CENTER, and UNITED STATES OF AMERICA,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No.  2:23-CV-0067 PLC<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

This matter is before the Court following a hearing on Plaintiff's Motion for Approval of Minor's Settlement [ECF No. 38].

### I.     Background

On December 14, 2023, minor Plaintiff C.P. through his Next Friends, Amanda Pipes and Nathan Pipes (collectively, "the Pipes"), filed a Complaint against Defendants Kirkville Missouri Hospital Company, LLC, d/b/a Northeast Regional Medical Center and the United States of America seeking damages for injuries that C.P. sustained as a result of Defendants' employees' alleged medical malpractice during C.P.'s delivery. [ECF No. 1]  On July 18, 2024, Plaintiff filed a Notice of Settlement stating that the parties had reached a proposed settlement. [ECF No. 33] Plaintiff subsequently filed a Motion for Approval of Minor's Settlement and a Memorandum in Support. [ECF Nos. 38 & 39]

The Court held a hearing on September 6, 2024. Plaintiff, a minor, appeared by and through the Pipes, his parents and appointed Next Friends, and by counsel. Defendants appeared by counsel. In advance of the hearing, Plaintiff submitted: (1) a "Stipulation of Compromise

Agreement and Release of Claims" between the Pipes, as Next Friends of C.P., and Defendant United States of America, and (2) a "Settlement Agreement and Release" between the Pipes, as Next Friends of C.P., and Defendant Kirksville Missouri Hospital. [ECF No. 45] Under the terms of the settlement agreements, Plaintiff, by and through his Next Friends, would fully release his claims against Defendants in exchange for each Defendant making an initial lump sum payment to C.P. and purchasing a structured settlement annuity with payments to be made to C.P. commencing on his eighteenth birthday. [ECF No. 45] Plaintiff also submitted a breakdown of attorney's fees and case expenses (Exhibit 2), and the attorney-client contract between the Pipes and counsel (Exhibit 3). [ECF Nos. 45-1, 45-2]

During the hearing, the Court heard testimony from the Pipes. Amanda Pipes, Plaintiff's mother and Next Friend, testified that she considered the circumstances of Plaintiff's claims, including the severity of his injuries and the uncertainties of litigation, and believes the settlement agreement reached with Defendants are fair and in Plaintiff's best interests. Mrs. Pipes also understood that the Court's approval of the settlement will extinguish Plaintiff's right to bring a claim in the future. Mrs. Pipes testified that she understood the attorney fee arrangement and the amount of reimbursement of case-related expenses, and requested the Court to approve the settlement. Nathan Pipes, Plaintiff's father and Next Friend, testified that he considered the circumstances of Plaintiff's claims, including the risks associated with litigation, and believes the settlement agreements are fair and in Plaintiff's best interests. Mr. Pipes also testified that he believed the apportionment of attorney fees and costs was fair.

## II. Discussion

The requirements for the settlement of a minor's claims are contained in Mo. Rev. Stat. § 507.184. *Y.W. By and Through Smith v. National Super Markets, Inc.*, 876 S.W.2d 785, 787 (Mo.

2

App. 1994). The purpose of the statute is "to maximize the protection afforded a minor's legal action and [ensure] that any settlement is in the best interest of the child." *Fiegener v. Freeman– Oak Hill Health Sys.*, 996 S.W.2d 767, 774 (Mo. App. 1999) (citation omitted). In reviewing a proposed settlement, the Court must keep in mind that minors are considered wards of the Court, and their rights must be "jealously guarded as provided by statute." *Y.W.*, 876 S.W.2d at 787 (internal quotation marks and citations omitted).

When an action has been filed on behalf of a minor, the minor's next friend, guardian ad litem, guardian, or conservator (hereinafter "representative") may contract to settle the minor's claim. Mo. Rev. Stat. § 507.184(2). The settlement is not effective until approved by the Court. *Id.* The representative also has the power and authority to execute and sign a release or satisfaction and discharge of judgment, which is binding upon the minor, provided that the Court orders the execution of such release or satisfaction and discharge of judgment. *Id.*

The Court has the authority to (1) hear evidence and either approve or disapprove the proposed contract to settle an action on behalf of the minor; (2) authorize and order the minor's representative to execute and sign a release or satisfaction and discharge of judgment; and (3) approve a fee contract between the representative and an attorney, and order the representative to pay attorney's fees and expenses which have been reasonably incurred in connection with the preparation and prosecution of the action. Mo. Rev. Stat. § 507.184(3).

Mo. Rev. Stat. § 507.188 governs the disposition of the proceeds and states, in relevant part:

> If, after paying the attorney fee and the expenses, the next friend or guardian ad litem has in his hands money or property of the minor in an amount equal to or less than ten thousand dollars, then the court may, if in its discretion it finds it to be to the best interests of the minor to do so, order the next friend or guardian ad litem to pay, deposit, or deliver all or any part of such money or property in

accordance with one of the alternatives prescribed by subsection 1 of section 475.330.

RSMo. § 507.188.1. Under Section 475.330.1, the Court may, in its discretion, and without the appointment of a conservator or the giving of bond, authorize payment of the funds to the minor's parent or guardian. The person receiving the assets "shall hold and dispose of the same in the manner directed by the court." RSMo §475.330.1. Further, a next friend or guardian ad litem is not required to execute a bond if the total value of the property or money, exclusive of expense and fees, turned over to the minor's parent or guardian is not more than ten thousand dollars. Missouri Supreme Court Rule 52.02(h); §507.150.1 RSMo.  Upon such payment or transfer, the minor's representative shall file with the Court a receipt from the person to whom payment or transfer was made.  RSMo. § 507.188.1.  After the receipt has been filed and accepted as authentic by the Court, the Court may order the minor's representative discharged and released from all duties and obligations. RSMo. § 507.188.1.

In this case, Amanda Pipes and Nathan Pipes are the Next Friends representing minor Plaintiff C.P. and are authorized to enter into a settlement agreement on his behalf. The Pipes offered testimony in support of the approval of the settlement on C.P.'s behalf. Based on the undisputed evidence presented, the Court finds that the settlement is fair and reasonable, and in the best interests of C.P.  The Court further finds the apportionment between Plaintiff C.P. and the law firm Johnson, Vorhees, & Martucci law is reasonable and that the litigation expenses advanced by the attorneys are fair and reasonable.  The Court thus will approve the settlement of Plaintiff's action pursuant to the terms set forth in the parties' agreements.

In accordance with these agreements, the Court orders Amanda Pipes and Nathan Pipes, Plaintiff's Next Friends, to execute and deliver the proposed releases [ECF No. 45]

to Defendants releasing Defendants from any further liability in this matter. Defendant United States of America is authorized and directed to pay such sums as described the Stipulation for Compromise Agreement and Release of Claims [ECF No. 45] to Plaintiff's counsel's trust account and to JMW Settlements, LLC for the purchase of an annuity from a life insurance company rated not less than A+ by A.M. Best that will make ten annual payments to C.P. commencing on his eighteenth birthday. Defendant Kirksville Missouri Hospital Company, LLC, d/b/a Northeast Regional Medical Center is authorized and direct to pay such sums as described in the Settlement Agreement and Release [ECF No. 45] to Plaintiff's counsel's trust account and to New York Life Insurance Company for the purchase of a structured settlement annuity that will make ten annual payments to C.P. commencing on his eighteenth birthday.

After paying attorney's fees and expenses as set forth pursuant to Exhibits 2 and 3, the remaining amount of the settlement funds shall be paid to Amanda Pipes and Nathan Pipes, the parents of minor Plaintiff C.P., to be used for the sole benefit and in the best interests of minor Plaintiff C.P. The Court finds that a bond for the Next Friends is not required as the total amount of monies coming into the hands of the minor Plaintiff, in care of his Next Friends, is less than ten thousand dollars. Once receipt of the funds has been filed and accepted by the Court as authentic, the Court will order the Next Friends discharged and released from their duties and obligations.[1]

### III.    Conclusion

---

[1] In his motion, Plaintiff requests that "the Court allow them to withdraw and maintain Exhibit 2 from the record" because the "parties have agreed that the settlement be of a confidential amount[.]" [ECF No. 39] Plaintiff filed certain documents with the Court under seal. [ECF Nos. 43, 45, 45-1, 45-2] If the parties wish for these documents to remain under seal indefinitely, the Court directs the parties to file a motion for continued sealing in accordance with the Eastern District of Missouri Local Rule 13.05.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Approval of Minor's Settlement [ECF No. 38] is **GRANTED**, in accordance with the foregoing.

*[signature]*
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 30th day of September, 2024